**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Andrew Morris, ) | C/A No. 3:09-cv-3080-CMC |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| v. ) | **GRANTING MOTION** |
| ) | **TO DISMISS** |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action Plaintiff, an employee of the South Carolina Department of Corrections ("SCDC"), seeks compensation for overtime work under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).[1] This matter is now before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons set forth below, the court grants Defendant's motion and dismisses Plaintiff's claim with prejudice.

**STANDARD**

A motion to dismiss for lack of subject matter jurisdiction, filed pursuant to Fed. R. Civ. P. 12(b)(1), raises the fundamental question of whether a court has the authority to adjudicate the matter before it. This court is a court of limited subject matter jurisdiction. To adjudicate claims brought before it, this court must have both a constitutional and statutory grant of authority to exercise jurisdiction over the matter in question. *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2003).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of

---

[1] Plaintiff does not assert any claim for prospective relief.

defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993); see also *Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, ___ U.S. ___ , 129 S.Ct. 1937, 1950 (2009).

## DISCUSSION

SCDC argues that Plaintiff's claim is barred because the state is immune from claims for money damages brought under Section 16(b). In making these arguments, SCDC relies on *Alden v. Maine*, which held that states are immune from private suits filed in state courts for damages brought under Section 16(b) of the FLSA. Based on Alden and its progeny, Defendant argues that state agencies are immune from private suits for money damages under the FLSA whether that suit is brought in state or federal court. *See Alden v. Me.*, 527 U.S. 706 (1999); *see also* Dkt. No. 15 at 4. Plaintiff disagrees, arguing that *Alden* applies only to FLSA suits brought in state court. Dkt. No. 16 at 2.

**State Sovereign Immunity.** The doctrine of state sovereign immunity bars suits in federal court for money damages against an "unconsenting State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Alden*, 527 U.S. at 713 (noting that, while "Eleventh Amendment immunity" is often used as convenient shorthand for state sovereign immunity, the latter is "a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which

they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments."). This immunity extends to "arm[s] of the State," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1974), including state agencies and state officers acting in their official capacity. *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995). This doctrine does not, however, preclude private suits against state *officials* (but not the state or state agency itself) for prospective or declaratory relief designed to remedy ongoing violations of federal law. *Ex parte Young*, 209 U.S. 123, 157 (1908); *see also Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009).

Congress may abrogate state sovereign immunity, but "only by stating unequivocally its desire to do so and only pursuant to a valid exercise of constitutional authority." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 484 (4th Cir. 2005) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996)).[2] Section 5 of the Fourteenth Amendment to the United States Constitution, the Amendment's enforcement provision, provides one (and possibly the only) basis on which Congress may, under specific circumstances, abrogate state sovereign immunity. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 727 (2003) (noting that, while Congress may abrogate the States' sovereign immunity under Section 5 of the Fourteenth Amendment, it may not do so "pursuant to its Article I power over commerce") (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976)); *see also Seminole Tribe*, 517 U.S. at 73 ("Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction").

**Applied to Section 16(b) of the FLSA.** In *Alden*, the Supreme Court held that states are immune from private suits for damages brought under Section 16(b) of the FLSA in state court. The

---

[2] States may also waive sovereign immunity by consent. *See, e.g.*, *AES Sparrows Point LNG, LLC v. Wilson*, 589 F.3d 721 (4th Cir. 2009); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). In the present case, there is no suggestion of waiver.

3

Court's reasoning was based, in part, on the principle that Congress cannot extend state court jurisdiction beyond where it may extend federal court jurisdiction. *See* 527 U.S. at 754 ("We are aware of no constitutional precept that would admit of a congressional power to require state courts to entertain federal suits which are not within the judicial power of the United States and could not be heard in federal courts."). Put differently, as applied to Section 16(b) of the FLSA, it is precisely *because* Congress lacks the authority to subject states to suit in federal court that it also lacks the authority to subject states to suit in their own courts. Thus, the *Alden* rationale fully supports Defendant's position.

Prior to *Alden*, the Fourth Circuit ruled that state sovereign immunity bars Section 16(b) claims for damages brought by state employees in *federal* court. *See Abril v. Va.*, 145 F.3d 182, 186-89 (4th Cir. 1998) (concluding that Section 16(b) was not a valid abrogation of state sovereign immunity under Congress's Section 5 enforcement powers). No subsequent rulings appear to alter this rule, which is consistent with the rationale in *Alden*. As explained in *Rodriguez v. Puerto Rico Federal Affairs Administration*, a post-*Alden* decision addressing a Section 16(b) claim for damages, *Seminole Tribe* and *Alden* operate in tandem to protect states from liability for money damages under the FLSA. *Rodriguez v. P.R. Fed. Affairs Admin.*, 435 F.3d 378, 380 (D.C. Cir. 2006) ("Taken together, *Seminole Tribe* and *Alden* mean that state employees no longer have any 'court of competent jurisdiction,' 29 U.S.C. § 216(b), in which to sue their employers for FLSA violations."). While not binding, the court finds the *Rodriguez* court's reasoning persuasive.

**CONCLUSION**

For the above-stated reasons, the court concludes that SCDC is immune from suits for money damages brought pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Accordingly, Plaintiff's case is **dismissed with prejudice.**

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 26, 2010